IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**LANCER INSURANCE COMPANY,**

        Plaintiff,

v.                                        **CIVIL ACTION NO. 3:11-CV-111**
                                                 **(JUDGE GROH)**

**VIP LIMOUSINE SERVICE, LTD.;**
**GLEN M. LEE d/b/a/ VIP LIMOUSINE, LTD.;**
**DAVID SNYDER and MARY SNYDER, Personal**
**Representatives of the Estate of**
**Michael C. Snyder, Deceased; and**
**LEE JAMES CRAWFORD,**

        Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNTIMELY REPLY MEMORANDUM

On this day, the above-styled matter came before the Court for consideration of the Defendants David and Mary Snyder's Objection to Plaintiff Lancer Insurance Company's Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment. On October 16, 2012, Plaintiff Lancer filed its Motion for Summary Judgment. On November 9, 2012, Defendants David and Mary Snyder filed their Response. On January 14, 2013, Plaintiff filed its Reply to Defendants' Response. On January 15, 2013, Defendants David and Mary Snyder filed a motion to strike Plaintiff's Reply as untimely.

Defendants David and Mary Snyder ("Defendants") object to Plaintiff Lancer's Reply to their Response on the grounds that Lancer's Reply was untimely filed. Defendants filed their Response on November 9, 2012. Local Rule 7.02(b)(1) provides that "[r]esponses to motions for summary judgment shall be filed and served within 21 days from the date of

service of the motion." Federal Rule of Civil Procedure 6(d) provides that "[w]hen a party may or must act within a specified time after service and service is made [via electronic means], 3 days are added after the period would otherwise expire . . . ." *See also* L.R. Civ. P. 5.06(g) (pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, three days are added to the time to respond for service by electronic means). Accordingly, the Defendants had twenty-four (24) days following October 16, 2012, in which to file their Response, and the Defendants accordingly filed their Response on November 9, 2012. Thus, the Defendants' Response was timely.

Plaintiff Lancer did not file their Reply until January 14, 2013. Local Rule 7.02(b)(2) provides that "[r]eplies to responses to motions for summary judgment shall be filed and served within fourteen (14) days from the date of service of the response to the motion." Pursuant to Federal Rule of Civil Procedure 6(d) and Local Rule of Civil Procedure 5.06(g), three days are added after the period would otherwise expire. Therefore, Plaintiff had seventeen (17) days following November 9, 2012 to file its Reply. Plaintiff's Reply was due on November 26, 2012. Plaintiffs filed their Reply on January 14, 2013. Defendants accordingly request that the Court strike the Plaintiff's Reply as untimely.

The Court **FINDS** that the Plaintiff's Reply was untimely filed, and the Plaintiff has provided no justification for their untimeliness. Plaintiff did not request an extension of time, nor did it request permission to file late.

Accordingly, this Court hereby **GRANTS** the Defendants' Motion to Strike Plaintiff's Untimely Reply Memorandum. The Court will disregard entirely the Plaintiff's Reply to Defendant Snyders' Memorandum in Response to Lancer Insurance Company's Motion

for Summary Judgment.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** January 16, 2013.

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE